# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**KIMBERLY PARKS**                                                        **PLAINTIFF**

**V.**                                                           **CASE NO. 1:04CV240**

**MISSISSIPPI DEPARTMENT OF**
**TRANSPORTATION and MISSISSIPPI**
**TRANSPORTATION COMMISSION**                              **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the motion of the Mississippi Department of Transportation to dismiss [2-1] and the motion of the Mississippi Transportation Commission to dismiss [17-1]. The two motions are interrelated, and the Court will address them together. The Court has read all the relevant briefs and exhibits and is prepared to rule.

The plaintiff is Kimberly Parks, a former employee of the Mississippi Department of Transportation ("MDOT"). Parks filed this sexual harassment suit against the MDOT on August 10, 2004, alleging that she was harassed by her immediate supervisor (who also apparently was dating her husband's sister). Parks also alleges that because she refused to submit to the supervisor's unwanted sexual advances, he gave her an unsatisfactory performance appraisal which resulted in Parks not getting a raise to which she claims she was entitled. Parks then filed a written grievance regarding this harassment and the resulting adverse employment action. One week later, the supervisor married Parks' sister-in-law.

According to the complaint, the MDOT did not take Parks' claims seriously and did nothing to separate Parks from her harasser until she requested relocation. Later, the MDOT fired Parks for making a false report of sexual harassment because she refused to take a polygraph test. Parks

concedes that her alleged harasser did take a polygraph test and, according to the MDOT, passed it. Parks claims that her termination was actually in retaliation for having made a good-faith complaint of sexual harassment and was in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Parks filed a total of three charges with the Equal Employment Opportunity Commission (EEOC), two regarding the alleged harassment and one claiming retaliatory discharge, and she later received right-to-sue letters from the EEOC and filed the instant action.

The MDOT has since filed a motion to dismiss, arguing that it is not amenable to lawsuit and that Parks' lawsuit should have been against the Mississippi Transportation Commission. Parks has responded to the motion and denied the validity of the MDOT's claims. However, Parks has also, "out of an abundance of caution," amended her suit to include the Commission as a defendant. The Commission, in turn, has filed a separate motion to dismiss on the grounds that none of Parks' complaints filed with the EEOC listed the Commission as a defendant.

**I.     THE MDOT.**

The MDOT seeks dismissal under Rules 12(b)(2)(lack of jurisdiction), 12(b)(4) insufficiency of process), and 12(b)(5)(insufficiency of service of process). The Department's sole argument is that under Mississippi law, it is not an entity subject to being sued or served with process. Instead, the MDOT is subordinate to and overseen by the Commission, which has ultimate control over all spending, contracting and personnel decision of the Department. The question of whether an agency such as the MDOT is amenable to suit is governed by state law pursuant to Fed. R. Civ. Pro. 17(b):

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that

> a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C., Sections 754 and 959(a).

Fed. R. Civ. Pro. 17.

Under Mississippi law, the Commission "shall by a body corporate and as such may sue and be sued, plead and be impleaded, in any court of justice having jurisdiction of the subject matter of any such suit." Miss. Code Ann. § 65-1-5. No such language is present in the statute creating the MDOT and consequently, the Department argues that only the Commission and not it may be made the defendant in a lawsuit. The MDOT relies chiefly on two case in support of this argument. In McKay v. Boyd Constr. Co., Inc. and the Mississippi State Highway Dep't, 769 F.2d 1084 (5th Cir. 1985), the Fifth Circuit concluded that Mississippi did not permit civil suits against the Department but did authorize suits against the Commission. The other is Dean v. Mississippi Department of Transportation, Civil Action No. 3:97cv914WS (June 30, 1998), an unpublished opinion by Judge Wingate of the Southern District of Mississippi. The Dean opinion relies exclusively on the reasoning of the earlier McKay opinion and Judge Wingate's interpretation of the state laws which created the MDOT and the Commission.

Parks responds by pointing to Johnson v. James Const. Group, LLC, 306 F.Supp.2d 654 (S.D. Miss. 2004). There, Judge Barbour rejected the reasoning of McKay and Dean because neither took into account the impact of the Mississippi Tort Claims Act ("MTCA"). Johnson, 306 F.Supp. 2d at 658-59 (noting that McKay was handed down before passage of MTCA, while Dean simply ignored MTCA and relied exclusively on McKay). As Judge Barbour noted, the MTCA abrogates

Mississippi's sovereign immunity for a large class of civil action and also defines "state" as "the state of Mississippi and **any** office, department, **agency**, division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or sue or be sued in its own name." Id. at 658 (quoting Miss. Code Ann. § 11-46-1(j))(emphasis in original). Judge Barbour interprets this language to render agencies such as the MDOT amenable to lawsuit pursuant to Rule 17 regardless of whether a statute defines it specifically as an entity capable of suing or being sued.

For its part, the MDOT acknowledges the Johnson opinion but argues bluntly that it was wrongly decided, going so far as to refer to it as an "aberration." It appears that no opinion of either the Mississippi Supreme Court or the Fifth Circuit Court of Appeals has addressed the question of whether the MCTA renders the Department amenable to lawsuit, and thus, the Court is left with precedent consisting of two diametrically opposed district court opinions: Dean, which says that the MDOT cannot be sued, and Johnson, which says that it can. In the absence of any other authority, the Court is constrained to resolve this ambiguity in the law (like all other ambiguities at this stage of the litigation) in favor of the non-moving party. Accordingly, the Court adopts the reasoning of Judge Barbour's opinion in Johnson and concludes that the MDOT is capable of being sued. The motion to dismiss is therefore DENIED.

## II.     THE MISSISSIPPI HIGHWAY COMMISSION.

As a threshold matter, the Commission accuses Parks of attempting to stack the caps on damages available under Title VII in her amended complaint by seeking the statutory maximum in damages from both the MDOT and the Commission. Parks concedes a single cap on damages and denies having ever suggested otherwise. The Court's own reading of Parks' amended complaint

4

does not support the Commission's assertions that she is seeking to stack the caps. In any case, the Court agrees that, regardless of who the proper defendant is, Parks is limited to collecting a statutory maximum of $300,000 pursuant to 42 U.S.C. § 1981a(a)(1) and (b)(3)(D).

The Commission argues that dismissal is proper because Parks directed all of her EEOC charges to the MDOT. Like the MDOT itself, the Commission relies on Miss. Code Ann. § 65-1-5 for the proposition that only the Commission and not the MDOT "may sue and be sued, plead and be impleaded" in lawsuits such as this. The Commission further relies on case law holding that "ordinarily, a party not named in an EEOC charge may not be sued under 42 U.S.C. § 2000e." See Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130, 657 F.2d 890 (7th Cir. 1981). However, the Eggleston case cited by the Commission also lists several exceptions to that general rule. Most importantly, cases where the unnamed defendant "has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Eggleston, 657 F.2d at 905. This is consistent with the Sixth Circuit's position that a party not named in an EEOC filing may yet be sued under Title VII if "there is a clear identity of interest between it and the party named in the EEOC charge." Jones v. Truck Drivers Local Union No. 299, 748 F.2d 1083, 1086 (6th Cir. 1984).

The specific question of whether a party not named in an EEOC charge may still be sued under Title VII if it has been provided with adequate notice or if there is identity of interest between a party properly named appears to be a question of first impression in this circuit. Neither party has provided the Court with any significant Fifth Circuit precedent on this issue, and the Court is aware of none. However, certain facts sway the Court in favor of Parks on this issue. The MDOT's sole argument for its motion to dismiss is that it is merely a functioning arm of the Commission which

is the only entity capable of being sued. The Commission reiterates this argument in its own motion to dismiss. In spite of this argument, however, the Commission maintains that it cannot be sued because of insufficient notice despite the fact that Parks sued the MDOT, which exists only to carry out Commission directives. While the lack of clear Fifth Circuit precedent makes this a close case, the Court concludes that the Commission and the MDOT have a common identity of interest, such that the filing of the EEOC charge against the MDOT put the Commission on notice of potential civil liability. Accordingly, the Commission's motion to dismiss is also DENIED. A separate order to that effect shall issue this day.

This is the 8th day of August, 2005.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**