IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KIMBERLY PARKS**  **PLAINTIFF**

V.  1:04cv240

**MISSISSIPPI DEPARTMENT OF TRANSPORTATION**
**and MISSISSIPPI TRANSPORTATION COMMISSION**  **DEFENDANTS**

**ORDER**

COMES NOW on this day for the court's consideration, a bevy of separate motions in limine filed by the defendants and the lone motion in limine filed by the plaintiff in this case, and the court having considered the same, finds as follows:

DEFENDANTS' FIRST MOTION IN LIMINE

Defendants' motion in limine [72] to prevent discussion of religion, Biblical authority, deity, what Jesus would do, and right and wrong during voir dire, opening statements, closing statements, or at any other point during the trial is granted in part and denied in part.

Religious questioning may be permitted during voir dire to establish whether a prospective juror is able to fully carry out the duties of a juror. However, religious or moral discussions during opening and closing remarks which suggest jurors apply a standard of judgment beyond what the law requires is denied pursuant to FRE 403. The value of such statements is substantially outweighed by the risk of unfair prejudice and confusion of applicable law.

1

## DEFENDANTS' SECOND MOTION IN LIMINE

Defendants' motion in limine [73] to prevent the plaintiff, Mrs. Parks, her counsel, and witnesses from crying or showing any emotion during trial is denied. This court, having gleaned some predictive sagacity from long observation of courtroom theatrics, doubts its ability to control either genuine or prompted squalling in these premises. Nonetheless, it remains within the court's discretion, ex post facto, to determine whether a display of emotion has in fact prejudiced the jury and whether the appropriate remedy is a mistrial. The court urges counsel for all parties to heed this admonition.

## DEFENDANTS' THIRD MOTION IN LIMINE

Defendants' motion in limine [74] to preclude evidence or discussion of the tape Mrs. Parks made of Mr. Herron discussing the alleged sexual harassment is denied at this juncture. The tape has some relevant value as to the scope of the defendants' investigation; however, it is still subject to proper authentication and specific objections at trial.

## DEFENDANTS' FOURTH MOTION IN LIMINE

Defendants' motion in limine [75] to preclude evidence regarding a hostile work environment claim is denied. Plaintiff will be allowed to proceed on a theory of hostile work environment and therefore is permitted to present evidence on that theory.

## DEFENDANTS' FIFTH MOTION IN LIMINE

Defendants' motion in limine [93-1] to prevent the plaintiff from objecting to the defendants' testimony and proof of the plaintiff's job performance is denied at this juncture. The plaintiff's job performance is a disputed issue of fact, and the parties must present evidence on the matter to prove their respective cases. A blanket prohibition on the plaintiff's ability to

object to the defendants' testimony about her job performance is overly broad; however, the finding of the Mississippi Employment Security Commission does not collaterally estop the defendants from claiming that the plaintiff was guilty of any misconduct with respect to her employment.

## DEFENDANTS' SIXTH MOTION IN LIMINE

Defendants' motion in limine [77] to preclude evidence regarding whether the plaintiff would have been promoted to Lander Herron's job had she not been fired is granted. The plaintiff concedes this motion.

## DEFENDANTS' SEVENTH MOTION IN LIMINE

Defendants' motion in limine [78] to preclude evidence regarding whether the alleged sexual harassment affected her work performance is denied. The EEOC has defined sexual harassment as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or of creating an intimidating, hostile or offensive working environment. 29 C.F.R. § 1604.11(a) (2006). Therefore, evidence of work performance is permissible. However, the defendants will have the opportunity to make specific objections at trial.

## DEFENDANTS' EIGHTH MOTION IN LIMINE

Defendants' motion in limine [79] to exclude the testimony of Linda Hester and Kathleen Smith as to Kimberly Parks's qualification for the Systems Administrator 1 position is granted.

3

The plaintiff concedes this motion.

## DEFENDANTS' NINTH MOTION IN LIMINE

Defendants' motion in limine [80] to prevent testimony regarding plaintiff's good job performance other than the testimony of the plaintiff herself and Kathleen Smith is denied at this juncture. Although Linda Hester is not listed in the pretrial order, she was identified as a potential witness in the plaintiff's pre-discovery disclosures and response to the Commission's Interrogatory Number 7, which eliminates the risk of unfair surprise to the defendants. However, the defendant will have the opportunity to make objections at trial.

## DEFENDANTS' TENTH MOTION IN LIMINE

Defendants' motion in limine [81] to exclude Weeta Campbell as a witness is granted in part and denied in part. Weeta Campbell lacks personal knowledge of sexual harassment but has knowledge of when the plaintiff began speaking about the alleged harassment; therefore, the scope of Weeta Campbell's testimony should be limited to rebut the defendant's allegations that the plaintiff fabricated a sexual harassment claim *after* she received an unfavorable performance evaluation.

## DEFENDANTS' ELEVENTH MOTION IN LIMINE

Defendants' motion in limine [82] to exclude Michael Robertson as a witness is granted in part and denied in part. Michael Robertson lacks knowledge of sexual harassment but has knowledge of when the plaintiff began speaking about the alleged harassment; therefore, the scope of Michael Robertson's testimony should be limited to rebut the defendant's allegations that the plaintiff fabricated a sexual harassment claim *after* she received an unfavorable

performance evaluation.

## DEFENDANTS' TWELFTH MOTION IN LIMINE

Defendants' motion in limine [83] to exclude Reginald Adams as a witness is granted in part and denied in part. Reginald Adams' testimony should be limited to the phone call he heard involving a man who represented himself as Lander Herron and to rebut the defendant's allegations that the plaintiff fabricated a sexual harassment claim *after* she received an unfavorable performance evaluation. Reginald Adams also has personal knowledge of the plaintiff's demeanor and emotional state after the phone call that he witnessed and is qualified to testify on that matter.

## DEFENDANTS' THIRTEENTH MOTION IN LIMINE

Defendants' motion in limine [84] to exclude Marjorie James as a witness is denied at this juncture although the defendant will have the opportunity to make more specific objections at trial.

## DEFENDANTS' FOURTEENTH MOTION IN LIMINE

Defendants' motion in limine [85] to exclude Jan Fleming as a witness is granted in part. The scope of Jan Fleming's testimony should be limited to rebutting the defendant's allegations that the plaintiff fabricated a sexual harassment claim *after* she received an unfavorable performance evaluation.

## DEFENDANTS' FIFTEENTH MOTION IN LIMINE

Defendants' motion in limine [86] to preclude testimony of Tim Parks regarding the emotional distress allegedly suffered by the plaintiff is denied in part and granted in part. The plaintiff and Tim Parks acknowledge that he did not learn of the alleged harassment until June

5

2003. He states that the plaintiff was often upset and distressed, but he never knew the cause prior to June 2003. Tim Parks' personal knowledge of the cause and severity of the plaintiff's emotional distress is limited to the time period after June 2003, and his testimony is limited accordingly.

DEFENDANTS' SIXTEENTH MOTION IN LIMINE

Defendants' motion in limine [87] to exclude evidence of medical records regarding the plaintiff's psychological or emotional distress is granted. The plaintiff concedes this motion.

DEFENDANTS' SEVENTEENTH MOTION IN LIMINE

Defendants' motion in limine [88] to exclude any and all expert testimony or evidence is granted. The plaintiff concedes this motion.

DEFENDANTS' EIGHTEENTH MOTION IN LIMINE

Defendants' motion in limine [89] to prevent the plaintiff from objecting to the opinions and testimony of Herbert Joe is denied. Though the plaintiff has not posed any objection to the expert report of Herbert Joe, it would be unconscionable to foreclose all avenues of objection to his testimony at this juncture.

DEFENDANTS' NINETEENTH MOTION IN LIMINE

Defendants' motion in limine [94] to object to the opinions and testimony of Jone Papinchock, Ph.D., is denied. Though the plaintiff has not posed any objection to the expert report of Jone Papinchock, it would be unconscionable to foreclose all avenues of objection to her testimony at this juncture.

DEFENDANTS' TWENTIETH MOTION IN LIMINE

Defendants' motion in limine [91] to prevent the plaintiff from objecting to the opinion

and testimony of Bruce Brawner, Ph. D., is denied. Though the plaintiff has not posed any objection to the expert report of Bruce Brawner, it would be unconscionable to foreclose all avenues of objection to his testimony at this juncture.

PLAINTIFF'S MOTION IN LIMINE

Plaintiff's motion in limine [104-1] to exclude evidence that the plaintiff declined the defendants' request to take a polygraph examination, that the alleged harasser passed a polygraph examination, and any references to polygraph examinations is denied.

The Fifth Circuit removed the per se barrier against the admissibility of polygraph evidence in *U.S. v. Posado*, 57 F. 3d 428, 433 (5th Cir. 1995). In this instance, the defendants have alleged that the plaintiff's failure to take a polygraph was part of a legitimate, non-discriminatory, non-retaliatory reason to terminate the plaintiff; therefore, evidence of the polygraph must be admitted.

This is not to say that all polygraph evidence is admissible. In light of the removal of the *per se* barrier, the substance of the evidence must nonetheless be weighed utilizing the test set out in *Daubert*. In *Daubert v. Merrell Dow Pharmaceuticals*, 113 S.Ct. 2786, 125 L.Ed. 2d 469(1993), the Supreme Court set forth several factors that a district court should take into account in evaluating whether a particular scientific methodology is reliable, to wit:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

In this *particular* instance, the admissibility of the polygraph evidence turns less on the science

involved and more on its use as a legitimate reason for termination of the plaintiff.

SO ORDERED, this the 25th day of August, 2006.


                                                  **/s/ Michael P. Mills**
                                                 **UNITED STATES DISTRICT JUDGE**