IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY PARKS | PLAINTIFF |
| V. | CASE NO. 1:04CV240 |
| MISSISSIPPI DEPARTMENT OF TRANSPORTATION and MISSISSIPPI TRANSPORTATION COMMISSION | DEFENDANTS |

## ORDER

This cause comes before the court on the plaintiff's motion [119] for judgment as a matter of law and for a new trial. The court has reviewed the briefs and is prepared to rule.

On August 31, 2006, a jury found in favor of the defendants and against the plaintiff in a lawsuit for sexual harassment and retaliation. The plaintiff challenges this verdict on multiple grounds. First, the plaintiff contends that because polygraph tests are unreliable, requiring polygraphs of alleged victims of discrimination is in itself a violation of the anti-retaliation provision of Title VII. Second, the plaintiff contends that the court erred in refusing to receive evidence that the alleged sexual harasser made himself unavailable at trial, that he did not submit a voice sample, and that he did not give a deposition. Third, the plaintiff contends that the court erred in allowing the defendant to call witnesses who were not listed in their pre-discovery disclosure of core information, and fourth, that the verdict was against the overwhelming weight of the evidence.

## ANALYSIS

A motion for judgment as a matter of law in an action tried by a jury is a challenge to the

legal sufficiency of the evidence supporting the jury's verdict. *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. *Hiltgen*, 47 F.3d at 700. (quoting Fed. R. Civ. P. 50(a)(1)). A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. *Id*. On appeal an appellate court is bound to view the evidence and all reasonable inferences in the light most favorable to the jury's determination. *Id*. Even though the court might have reached a different conclusion if it had been the trier of fact, it is not free to reweigh the evidence or to re-evaluate credibility of witnesses. *Id*. The court must not substitute for the jury's reasonable factual inferences other inferences that it may regard as more reasonable. *Id*.

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and is reversible only for an abuse of discretion. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)). In passing on a motion for a new trial, a trial court does not need to take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Shows*, 671 F.3d at 269 (quoting *Bazile v. Bizzo Marine Co., Inc.*, 600 F. 2d 101, 105 (5th Cir. 1979)). This does not mean that a judge may order a new trial simply because he or she disagrees with the jury verdict. *Id*. The judge must be convinced that the verdict is against the great weight of the evidence. *Id*.

1. <u>Polygraph Evidence</u>

The plaintiff asserts that polygraph tests are likely to deter victims of discrimination from

2

complaining; therefore, they violate the anti-retaliation provisions of Title VII. The plaintiff also asserts that the defendants failed to respond to this argument in their brief, so the argument should be taken as confessed. After reviewing the briefs, the court does not agree with the plaintiff's contention that the defendants failed to address the argument and will not deem the argument admitted on this ground.

The defendants did acknowledge the plaintiff's argument in the first paragraph of subsection three in their brief [Doc. 123-*Mem. Brief in Support of Defendants' Response*]. The defendants state, "The Plaintiff argues that this evidence violates Title VII's anti-retaliation provisions. But her argument is directed to the reliability of polygraphs - which is not the issue." The defendants correctly state that the issue at trial was not the reliability of polygraph evidence as no evidence regarding the science of the polygraph was introduced and the jury received a limiting instruction to consider that evidence only as to the defendants' legitimate, non-discriminatory reason in firing the plaintiff and not as to the truthfulness of the plaintiff. However, the vast majority of the plaintiff's argument centered on the reliability or unreliability of polygraph tests. Rather than respond to an argument that was resolved before the trial began, the defendants directed their response to the very small portion of the plaintiff's argument that did address issues raised at trial.

Although the reliability of polygraph examinations was not at issue in the trial, the plaintiff alleges that taking a polygraph deters a victim from reporting discrimination. Mrs. Parks presented the argument to the jury that requiring her to take a polygraph examination during the course of the sexual harassment investigation was retaliatory. The jury did not find that Mrs. Parks suffered retaliation. This court does not find that there is a legal insufficiency of evidence to support the jury's verdict. As the plaintiff notes, there is a plentitude of literature regarding polygraph tests,

3

and it is not beyond reason for a jury to find that use of polygraphs tests is not retaliatory and that Mrs. Parks was not retaliated against. Essentially, the plaintiff asks this court to make a determination that use of polygraph tests in the investigative stage of Title VII claims is per se retaliatory. While declining to make a determination as to the retaliatory or non-retaliatory nature of polygraph tests, this court defers to the judgment of the jury.

2.  Unavailability of Alleged Harasser

The plaintiff argues that the court erred in refusing to receive evidence that the alleged sexual harasser was not available for trial and never gave a voice sample or a deposition. In *Herbert v . Walmart*, 911 F.2d 1044, 1047 (5th Cir. 1990), the Fifth Circuit found that the uncalled witness rule has "no place in cases governed by the Federal Rules of Evidence and the Federal Rules of Civil Procedure." When a witness is susceptible to subpoena by either party, no inference may be drawn by the trier of fact and it is inappropriate for counsel to argue that such an inference is permissible. *Herbert*, 911 F.2d at 1048.

Lander Herron was no longer in the defendants' employ when discovery was occurring in this case, which gives the defendants no greater access to Mr. Herron than Mrs. Parks. Mr. Herron is in fact married to Mrs. Parks' sister-in-law. Mrs. Parks' argument must fail because Mrs. Parks knew that Mr. Herron had information relevant to the case, had ample opportunity to subpoena him to take a deposition or appear at trial, yet failed to do so. Therefore, this court did not err in refusing evidence regarding Mr. Herron's absence to show an inference of guilt.

3.  Witnesses Not Listed in Core Disclosures

The plaintiff also alleges that the court erred in receiving witnesses that were not disclosed by the defendants in their initial core disclosures. The court permitted two witnesses that were not

disclosed in the pre-discovery core disclosures made pursuant to Fed. R. Civ. Pro. 26(a)(1)(A). However, the two witnesses were listed in the pre-trial order that was filed on January 23, 2006. Both parties worked on various drafts of the pre-trial order, and at no point did the plaintiff object to the listing of the witnesses.

The plaintiff cites the 7th Circuit case of *David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003) to support her position that the sanction of exclusion of the witnesses should be automatic or mandatory. However, a reading of the case indicates just the opposite. In *David*, the 7th Circuit found that the trial court did not err in permitting testimony of a witness who was not disclosed in the core disclosures. While acknowledging that the 7th Circuit had previously stated that the sanction of exclusion is automatic and mandatory unless the failure to disclose was either justified or harmless, the Court of Appeals also noted that the determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *David*, 324 F. 3d at 857. The factors to guide the district court's discretion include: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

In a situation similar to the matter at hand, when ruling on Caterpillar's renewed motion for a judgment as a matter of law, the district court in *David* found that the exclusion of witness testimony was not required because the witness was listed as a potential witness almost a year and one-half before trial; that Caterpillar did not seek a continuance to obtain additional information to rebut the witness; that Caterpillar did introduce evidence to rebut the witness' testimony; and that there was no showing that opposing counsel had acted in bad faith. The 7th Circuit Court of

Appeals found that the district court did not abuse its discretion.

In the present case, the two disputed witnesses were listed in the pretrial order for over six months prior to trial, and the plaintiff never objected or inquired about the nature of their testimony. The plaintiff asserts that she was unable to depose the witnesses because discovery deadlines had passed, and that the plaintiff had no "good cause" to reopen discovery pursuant to Rule 16(b). This argument is unpersuasive because Mrs. Parks' motion to continue the trial was granted on January 27, 2006, with a new trial date being set for August 28, 2006. Mrs. Parks never attempted to reopen discovery and the court finds it difficult to believe that the addition of two previously undisclosed witnesses does not warrant good cause to reopen discovery, particularly for the limited purpose of deposing or otherwise obtaining information regarding the two witnesses. Further, the witnesses' actual testimony regarded the plaintiff's job performance. The plaintiff's purported job performance was relevant to the case and even though the plaintiff's witnesses never addressed the plaintiff's performance in the job at issue, she did put on witnesses whose testimony addressed her honest and hardworking character. Finally, the plaintiff does not allege nor does this court believe that defense counsel intentionally withheld the names of the witnesses to gain a strategic advantage. As such, the inclusion of these witnesses was harmless; therefore, this argument must also fail.

ACCORDINGLY, the court finds that the plaintiff's motion [119] for judgment as a matter of law and new trial is DENIED.

This the 16th day of October, 2006.

                                                 **/s/ Michael P. Mills**
                                                 **UNITED STATES DISTRICT JUDGE**